UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60893-CIV-DIMITROULEAS/SNOW

ANTHONY AIDONE,

    Plaintiff,

vs.

NATIONWIDE AUTO GUARD, L.L.C. and
HALE CAMERMAN

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AMENDED AFFIRMATIVE DEFENSES

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Defendants' Amended Affirmative Defenses (the "Motion") [DE 21], filed herein on July 3, 2013. The Court has carefully considered the Motion [DE 21], Defendants' Response [DE 24], Plaintiff's Reply [DE 28], and the relevant portions of the record. The Court is otherwise fully advised in the premises.

### I.    BACKGROUND[1]

The parties to this action are Plaintiff Anthony Aidone ("Plaintiff" or "Aidone"), Defendant Nationwide Auto Guard, L.L.C. ("Nationwide"), and Defendant Hale Camerman ("Camerman" and together with Nationwide, "Defendants"). Nationwide is a Florida corporation. [DE 1 ¶ 8]. Camerman owns Nationwide. [*Id.* ¶ 8]. This dispute arises from Plaintiff's employment with Defendants. [*Id.* ¶¶ 13-15].

From April 2011 to May 7, 2012, Plaintiff worked for Defendants as a "fronter/closer." [*Id.* ¶ 16]. Plaintiff's duties included telephoning customers located throughout the United States

---
[1] These facts are taken from the Complaint [DE 1].

1

and attempting to convince those customers to purchase automobile warranties from Defendants. [*Id.* ¶ 17]. Between October 10, 2011, and May 7, 2012, Plaintiff worked 766 hours without receiving the requisite minimum wages. *See* [*id.* ¶ 18]. During that time, Defendants were aware of Plaintiff's work and of their duty to pay minimum wages to Plaintiff. [*Id.* ¶ 20]. However, Defendants misled Plaintiff into believing that he was not entitled to minimum wages. [*Id.* ¶ 19].

On April 16, 2013, Plaintiff initiated this action against Defendants, including the following claims: Count I for Recovery of Minimum Wages and Count II for Unjust Enrichment / Implied in Law Contract. Plaintiff subsequently filed the instant Motion [DE 21], seeking to strike several of the affirmative defenses in Defendants' First Amended Answer and Affirmative Defenses to Plaintiff's Complaint (the "Amended Answer") [DE 18]. Specifically, Plaintiff moves to strike the second, third, fourth, fifth, sixth, seventh, eighth, tenth, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth affirmative defenses. *See* [DE 21].

## II. STANDARD OF REVIEW

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters." *Royal Palm Sav. Ass'n. v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). Rule 8 of the Federal Rules of Civil Procedure (the "Rules") applies to affirmative defenses. *FDIC v. Bristol Home Mortg. Lending, LLC*, No. 08-81536-CIV, 2009 WL 2488302, at *2 (S.D. Fla. Aug. 13, 2009). Rule 8(b)(1)(A) requires a party to "state in short and plain terms its defenses to each claim asserted against it." Although under Rule 8 a defendant does not have to set forth detailed factual allegations, the defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007);

*see also Grovenor House, L.L.C. v. E.I. Du Pont De Nemours & Co.*, No. 09–21698–Civ, 2010 WL 3212066, at *2 (S.D. Fla. Aug. 12, 2010).

Though the pleading standard is liberal, Rule 12(f) enables a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored and are usually denied unless the allegations have no conceivable relationship to the controversy and may prejudice one of the parties. *Bristol Home,* 2009 WL 2488302, at *2. "On the other hand, weeding out legally insufficient defenses at an early stage of a complicated lawsuit may be extremely valuable to all concerned in order to avoid the needless expenditures of time and money in litigating issues which can be seen to have no bearing on the outcome." *First Specialty Ins. Corp. v. GRS Mgmt. Assocs.*, No. 08–81356–CIV, 2009 WL 2169869, at *2 (S.D. Fla. July 20, 2009) (internal quotations omitted). Therefore, a court will grant a motion to strike only if a defense is legally insufficient as a matter of law under the allegations of the pleadings. *Id.*; *see also Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Anchor Hocking Corp.*, 419 F. Supp. at 1000 (internal citations omitted).

### III.    DISCUSSION

Plaintiff argues that several of the affirmative defenses asserted by Defendants are deficient. Each defense will be addressed in turn.

**A.    Second Affirmative Defense: Unclean Hands**

Defendants' second affirmative defense provides as follows:

3

> Plaintiff comes into this matter with unclean hands for the following reasons: a) Plaintiff knew he was an independent contractor, b) Plaintiff complained to the Department of Labor ("DOL"), which conducted an audit of Defendant Nationwide Auto Guard, LLC as a result, c) the DOL contended that Nationwide Auto Guard, LLC owed Plaintiff the sum of $1,790.90, less $500.00 already paid to Plaintiff by Defendants for a total of $1,290.90, d) while Defendants deny they owe anything to Plaintiff, they sent a check to Plaintiff in the amount indicated by the DOL, e) Plaintiff has refused to accept Defendants' check, and f) Plaintiff has elected to try to artificially increase his damages without foundation by hiring a lawyer and filing the instant suit without first consulting the DOL to explain why he believes the DOL's calculation is inaccurate.

[DE 18 at 10]. Plaintiff argues that these statements are "scandalous" and do not constitute a legally valid "unclean hands" defense.

"The doctrine of unclean hands requires a showing that plaintiff's wrongdoing is directly related to the claim against which it is asserted, and defendant suffered a personal injury as a result of the conduct." *Fine's Gallery, LLC v. From Europe to You, Inc.*, No. 2:11–cv–220–FtM–29SPC, 2011 WL 5583334, at *2 (M.D. Fla. Nov. 16, 2011) (citing *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 451 (11th Cir.1993)). In light of Defendants' factual assertions, Plaintiff would have committed wrongdoing by bringing suit only if Plaintiff were legally bound and/or estopped by the DOL's determination of the amount owed by Defendants. Defendants have not identified any precedent indicating that such estoppel through DOL audits exists. And the Court is not aware of any such precedent. Accordingly, the Court will strike this affirmative defense as legally insufficient.

## B. Third, Fifth, and Sixth Affirmative Defenses: Failure to State a Claim

Defendants' third affirmative defense provides that "Plaintiff has failed to state causes of action for which relief may be granted as he is not owed any money, has been paid all of the money to which he is allegedly entitled, and/or has been offered all of the money to which he is allegedly entitled." [DE 18 at 10]. Defendants' fifth affirmative defense provides that "Plaintiff

4

has received all of the compensation to which he is entitled as Defendants have paid him all the monies to which he is allegedly entitled and/or have offered Plaintiff all of the money to which he is allegedly entitled." [*Id.* at 11]. Defendants' sixth affirmative defense provides that "Plaintiff is not owed any minimum wage compensation and/or any other form of compensation as Defendants have paid him all the monies to which he is allegedly entitled and/or have offered Plaintiff all of the money to which he is allegedly entitled." [*Id.*].

Plaintiff argues that these defenses are redundant reiterations of Defendants' denial of Plaintiff's claims. *See* [DE 1 ¶ 18; DE 18 ¶ 18]. Defendants argue that, rather than striking, the appropriate remedy is to treat a purported defense as a denial.

The Court agrees with Plaintiff that these purported defenses are reiterations of Defendants' denials. Therefore, the Court finds that these defenses should be stricken as redundant.[2] *See, e.g.*, *Lima v. Heng Xian, Inc.*, No. 09–61422–CIV, 2009 WL 4906374, at *1 (S.D. Fla. Dec. 18, 2009) (striking affirmative defenses that were simply denials because "just pointing out a defect in plaintiff's prima facie case is not an affirmative defense"); *Vallesillo v. Remaca Truck Repairs, Inc.*, No. 09–80714–CIV, 2009 WL 4807397, at *4 (S.D. Fla. Dec. 4, 2009) ("[A] statement that alleges a defect in the plaintiff's case is a denial, not an affirmative defense. Accordingly, the Court will strike these, as they are not affirmative defenses." (internal citations omitted)). Thus, the Court will strike the third, fifth, and sixth affirmative defenses.

---

[2] The Court acknowledges that some district courts have held that the appropriate remedy in this circumstance is to treat the purported defenses as denials rather than striking those defenses. *See, e.g., Adams v. Jumpstart Wireless Corp.*, No. 13–61306–CIV, 2013 WL 5535862, at *2 (S.D. Fla. Oct. 7, 2013) ("[W]hen a defendant labels a specific denial as an affirmative defense, the proper remedy is not to strike the defense, but instead to treat it as a denial."). Here, however, the purported affirmative defenses are subject to striking as redundant because they reiterate earlier denials. Moreover, Defendants will have an opportunity to file a second amended answer. In that answer, Defendants can incorporate into their denials any non-redundant material from the stricken defenses.

C.  **Fourth Affirmative Defense: Statute of Limitations**

Defendants' fourth affirmative defense provides that "Plaintiff has failed to comply with the relevant statute of limitations depending on when Plaintiff contends he began providing services to Defendant in April 2011." [DE 18 at 10]. Plaintiff argues that this barebones defense is insufficiently pled.

The Court agrees. "[A]n affirmative defense simply stating that a plaintiff's claims are barred by the statute of limitations is insufficiently pled." *Castillo v. Roche Labs. Inc.*, No. 10–20876–CIV, 2010 WL 3027726, at *4 (S.D. Fla. Aug. 2, 2010). Although Defendants' Response includes sufficient detail as to this defense, *see* [DE 24 at 8], the Amended Answer [DE 18]—which is the operative pleading—does not. Therefore, the Court will strike the fourth affirmative defense.

D.  **Seventh Affirmative Defense: Good Faith**

Defendants' seventh affirmative defense provides as follows:

> Plaintiff has failed to meet the necessary standard for an award of liquidated damages and is therefore not entitled to an award of liquidated damages as any violation of the FLSA was the result of a good faith belief that Plaintiff was an independent contractor, and/or exempt from minimum wages, and/or paid and/or offered all of the money to which he is allegedly entitled.

[DE 18 at 11]. Plaintiff asserts that this defense is insufficient because no facts are alleged in support. Defendants argue that detailed factual allegations are not required and that they have provided enough factual allegations to put Plaintiff on notice of the bases for their defense.

The Court finds that this defense is sufficient. Although lacking factual detail, the defense sufficiently puts Plaintiff on notice that Defendants will be raising the issue of their good faith belief that Plaintiff was an independent contractor. *See Dougan v. Armitage Plumbing, LLC*, No. 6:11–cv–1409–Orl–22KRS, 2011 WL 5983352, at *2 (M.D. Fla. 2011) ("In their

eleventh affirmative defense, Defendants allege that they 'cannot be liable for liquidated damages in the circumstances of this case because Defendants at all times acted in good faith and had reasonable grounds for believing their acts or omissions were not a violation of the FLSA.' This affirmative defense gives Plaintiff adequate notice." (internal citation omitted)). Accordingly, the Court will not strike the seventh affirmative defense.

### E. Eighth Affirmative Defense

Defendants' eighth affirmative defense provides as follows:

> Defendants have acted at all times in good faith towards the Plaintiff and without intent to harm, and accordingly would not be liable for liquidated damages, even if Plaintiff is deemed to be an employee since any proven violation of the FLSA was the result of a good faith belief that Plaintiff either was an independent contractor, and/or exempt from minimum wages, and/or was paid and/or offered all of the money to which he is allegedly entitled.

[DE 18 at 11]. The Court finds that this defense is substantively identical to the seventh affirmative defense. Therefore, the Court will strike this defense as redundant.

### F. Tenth Affirmative Defense: Administrative Exemption

Defendant's tenth affirmative defense provides as follows:

> Plaintiff is exempt under the FLSA administrative exemption even if Plaintiff is deemed to be an employee as he exercised discretion and independent judgment with respect to matters of significance in determining who to sell automobile warranties to and how to secure the sale of automobile warranties to prospective customers.

[*Id.* at 11]. Plaintiff argues that Defendants have failed to address each of the three (3) necessary elements of the administrative exemption under the FLSA. Defendants argue that Plaintiff is sufficiently on notice of the exemption's elements.

The Court agrees with Plaintiff. To trigger the administrative exemption, "an employee must (1) earn no less than $455 per week, (2) have primary duties that involve the performance of office or non-manual work directly related to the management or general business operations

of the employer or the employer's customers, and (3) exercise discretion and independent judgment with respect to matters of significance in performing his primary duties." *Rock v. Ray Anthony Int'l, LLC*, 380 F. App'x 875, 877 (11th Cir. 2010). The tenth affirmative defense does not reference the first and second elements and, therefore, is legally insufficient. Accordingly, the Court will strike this defense.

G.  **Twelfth Affirmative Defense: Set-Off**

Defendants' twelfth affirmative defense provides that "[a]ny amounts due to Plaintiff should be set off by payments received by Plaintiff from Defendants even if he is deemed to be an employee as Plaintiff was provided $500.00 by Defendants after he discontinued providing services to Defendants." [DE 18 at 12]. Plaintiff argues that this defense is insufficient because it does not specify whether there are any additional amounts—other than the $500.00—to which the set-off defense may apply.

The Court disagrees. The FLSA allows for set-off based on monies already paid to a plaintiff. *Morrison v. Exec. Aircraft Re-finishing Inc.*, 434 F. Supp. 2d 1314, 1321 (S.D. Fla. 2005). Defendants have identified such a payment in the amount of $500.00 and have limited their set-off defense to that amount. Plaintiff has adequate notice of the defense. Therefore, the Court will not strike this defense.

H.  **Thirteenth Affirmative Defense: After-Acquired Evidence Doctrine**

Defendants' thirteenth affirmative defense provides that "[e]ven if Plaintiff is deemed to be an employee, Plaintiff's alleged damages, if any, must be limited to the extent Plaintiff engaged in misconduct during his employment, which, if then known by Defendants, would have resulted in his termination." [DE 18 at 12]. Plaintiff argues that this statement is a failed attempt at raising the after-acquired evidence doctrine. Specifically, that doctrine requires a showing of

severe misconduct, which is not alleged in Defendants' defense. Defendants do not oppose Plaintiff's argument. Accordingly, the Court will strike this defense.

I. **Fourteenth Affirmative Defense: Portal to Portal Act**

Defendant's fourteenth affirmative defense provides as follows:

> Even if Plaintiff is deemed to be an employee, Plaintiffs claims are barred in whole or in part by the provisions of Section 10 of the Portal to Portal Act, 29 U.S.C. Section 259, to the extent that actions taken in connection with Plaintiff's compensation were done in good faith in conformity with the reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

[*Id.*]. Plaintiff argues that Defendants have failed to identify the regulations, orders, rulings, approvals, interpretations, practices, or policies relied upon. Defendants respond that such identification or precision is unnecessary to sufficiently state this defense.

The Court agrees with Plaintiff. This broad defense does not identify any factual basis as to reliance on any provision. Moreover, Defendants have not provided any authority indicating that such threadbare, conclusory reliance on the Portal to Portal Act is legally sufficient. Therefore, the Court will strike this defense as legally insufficient. *See Lopez v. Leg.A.Sea Distrib. Servs., LLC*, No. 10–CV–21847, 2010 WL 3767171, at *2 (S.D. Fla. Sept. 24, 2010) ("Defendants' seventh affirmative defense, which may be read as raising a 'Good Faith Defense' of the Portal to Portal Act of 1947, 29 U.S.C. § 259, fails to provide any factual support for the defense and is therefore legally invalid.").

J. **Fifteenth Affirmative Defense**

Defendant's fifteenth affirmative defense provides as follows:

> Even if Plaintiff is deemed to be an employee, Plaintiffs' claims are barred in part or in whole by the provisions of Section 11 of the Portal to Portal Act, 29 U.S.C. Section 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were

9

not a violation for the Fair Labor Standards Act of 1938, as amended as set forth in affirmative defenses number 7 and 8.

[DE 18 at 12-13]. The Court finds that this argument merely reiterates the substance of the seventh affirmative defense. Accordingly, the Court will strike this defense as redundant.

**K.      Sixteenth and Seventeenth Affirmative Defenses**

Defendants' sixteenth affirmative defense provides that "Defendants are not an 'employer' as defined by the FLSA as Plaintiff was an independent contractor as more fully set forth in affirmative defense number 1 above." [*Id.* at 13]. Defendants' seventeenth affirmative defense provides that "[e]ven if Plaintiff is deemed to be an employee, Defendants have tendered payment in full to Plaintiff by providing him with a check in an amount calculated by the DOL." [*Id.*].

The sixteenth affirmative defense repeats the first affirmative defense and, therefore, is redundant. Moreover, both defenses are reiterations of Defendants' denial of Plaintiff's claims. *See* [DE 1 ¶¶ 9, 18-21; DE 18 ¶¶ 9, 18-21]. Thus, for the same reasons stated in Section III.B. above, the Court will strike the sixteenth and seventeenth affirmative defenses.

## IV.      CONCLUSION

Based upon the forgoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion [DE 21] is hereby **GRANTED IN PART AND DENIED IN PART**;

2. Defendants' second, third, fourth, fifth, sixth, eighth, tenth, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth defenses are **STRICKEN**; and

3. Defendants may file a second amended answer on or before November 25, 2013;

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 15th day of November, 2013.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of record